IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**ELIZABETH F. JACOBY, individually and**
as personal representative of the estate of
**ALBERT H. JACOBY, JR., deceased,**

      **Plaintiffs,**

v.                                                                                           Case No.: 1:08CV155

**AVIDYNE CORPORATION,**

      **Defendant.**

**PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes Now, Plaintiff, by and through counsel, and hereby files her Motion to Reconsider the Granting of Defendant's Motion for Summary Judgment. In support thereof, Plaintiffs submits the following:

**INTRODUCTION**

On August 15, 2008, Defendant moved for Summary Judgment arguing, in part, that Plaintiff failed to meet the burden of proving that the Avidyne product was defective. Plaintiff timely filed her response in opposition thereto on August 29, 2008, and defendant Avidyne (hereafter "Avidyne") filed their reply on September 5, 2008. On September 12, 2008, this Court heard oral arguments regarding the Summary Judgment Motion. The Court's ruling was based on your Honor's oral statements and the Court found that Plaintiff failed to meet the burden of proving that 1) the device was defective at the time of the accident or 2) the device was the likely cause of the accident. Plaintiff respectfully requests that this Court reconsider its Order granting Summary Judgment.

Plaintiff contends and can show, that counsel for Avidyne repeatedly misrepresented testimony given in the case. As a result of Avidyne's intellectual dishonesty during oral argument, this Court was induced into surmising that Plaintiff failed to present the necessary evidence to support its claim that the Primary Flight Display (PFD) manufactured by Avidyne was defective and a substantial contributing factor to the accident.

During oral argument Avidyne's counsel made the following misrepresentations:

1. Plaintiff's avionics expert, John Bloomfield, faults three theories of the crash; two of which defendant's attempt to say were not caused by Avidyne. *See* transcript of September 12, 2008, hearing at pg. 29.

2. Plaintiff's aviation expert, Mr. Griscom, faults the S-TEC auto-pilot and not the Avidyne PFD for the cause of the mishap. *Id.* pg. 18.

3. A pilot would disregard the information that he was not in a level attitude attempting to fly this approach. *Id.* pg. 23.

Plaintiff's experts produced accurate and detailed testimony that would allow a jury to find that the PFD in the subject aircraft was defective and the cause of the accident. Plaintiff produced the testimony of John Bloomfield, an expert with extensive experience reviewing aviation mishaps and avionics related issues, to review the avionics of this case. Additionally, testimony of Robert Griscom who has been an aviation mishap investigator for the FAA for over 400 aviation accidents supported Plaintiff's theory that the PFD was defective. Both experts were quite clear in their expert reports and deposition transcripts that they hold but one theory of the causation of this accident; the defective Avidyne product within the aircraft 400WX presented erroneous attitude information to the pilot causing him to veer sharply to the left (70 degrees off runway heading) prior to impacting the trees.

It is without question, that different pilots would react in different ways when presented with erroneous attitude information.  As each pilot is different, this theory could not reasonably be challenged by Defendant. During his deposition, Mr. Bloomfield attempted to describe

potential pilot reactions to erroneous information. Despite a clear record to the contrary, Defendant Avidyne's counsel deliberately misrepresented to this Court that Bloomfield testified to three theories of causation. it is apparent from the testimony of Bloomfield that he was merely elaborating to his opinion on his expert report as to how a pilot could potentially react to erroneous attitude information. Exhibit B; Bloomfield Dep. Transcript at 182. *See* also Mr. Bloomfield's Affidavit attached hereto as Exhibit A.

Avidyne's second misrepresentation, and equally as glaring, is their claim that Mr. Griscom points the finger at the S-TEC auto-pilot and not at the Avidyne PFD. As evidenced by Mr. Griscom's Affidavit (*See* Exhibit C), this is clearly not the case. Mr. Griscom, in his deposition transcript and repeatedly in his expert report, opined that the cause of the accident was erroneous attitude information presented to the pilot causing flight into terrain. Defendant, once again, attempts to influence the decision of this Court by taking testimony out of context and presenting only a small portion of relevant testimony. It is without question, after looking at the testimony of Mr. Griscom in its entirety, that he does not attribute the accident to S-TEC. Knowing that the symbology and terminology involved with the Avidyne PFD can be challenging to someone not involved in aviation, defendant took advantage of the Court by creating doubt on plaintiff's expert that does not exist.

Another example of Avidyne's attempt to muddy the waters by twisting aviation facts and concepts is revealed in their claim that a pilot would disregard horizon information displayed on the PFD on attempting a missed approach. *See* Transcript of September 12, 2008 Hearing at pg. 23. Defendant's own aviation expert, Jeff Edwards, has written that such a principle is inaccurate. Edwards has concluded in an article for ABS magazine, a periodical written by pilots,put out by the American Bonanza Society. and listed as an article in his list of publications on his expert report, **"However, I've found from training instrument students in a simulator…that most everyone will follow a failing AI into the dirt."** Jeff Edwards. "Gyro Failure." ABS Magazine March 2000: 6141. (*See* Exhibit D.) Edwards also states that "the loss

of an attitude reference is a very serious event and is extremely difficult to detect and correct." Id. While this article directly contradicts counsel's argument at the hearing, this opinion which is directly on point to the subject, is never addressed. Further, Edwards claims that the typical attitude indicator failure is one in which the student knows that the failure is coming, yet he points out in the article he has found a way to create what he terms a "slow failure" and, as he puts it, one that you would or would not see in the real world. What makes this article so similar to the instant case is the fact that the failure mode detected by Avidyne is substantially similar to the failure mode addressed in his article. The attitude information, although erroneous, continues to be presented just as if there was no mechanical fault whatsoever. See Deposition Transcript of Bloomfield and Griscom.

Misrepresentations of Avidyne with respect to their products are not isolated incidents. Avidyne's history of misrepresentation goes back well before oral argument on the Summary Judgment Motion. The NTSB report reveals that Avidyne attempted to mislead the finders of fact regarding the cause of this accident, much like it did to this Court. NTSB Factual Report, NTSB ID: NYC06FA072. (*See* Exhibit E.) The NTSB report contains a list of those who participated in the NTSB's investigation. The NTSB report of N400WX clearly shows, and deposition transcript support, that Jon Lyford of Avidyne by signature became a member of the NTSB investigation team for this accident on April 26, 2006. *Id.* at 39. Although Mr. Lyford as a member of the Avidyne Tiger Team had information regarding the potential erroneous attitude information of the PFD in 400WX, he led the NTSB down the wrong path by making part of the record, the Service Alert that addressed a totally different issue. *Id.* at page 36. When Plaintiff attempted to ask Mr. Lyford regarding this information during his deposition, he was instructed not to answer. (*See* Exhibit F.) However, testimony from the Director of Certification for Avidyne Corporation, conducted on May 29, 2008, revealed that Service Alert 06-001 was issued because there were 37 Avidyne PFDs that had calibration issues and therefore could potentially cause erroneous attitude information. Mr. Barber testified that none of the erroneous attitude

events that were reported to the Tiger Team fell under Service Alert 06-001, but in fact, his testimony shows that all reports of erroneous attitude information were addressed as being the same/similar issues found in the pertinent Service Alert, SA-05-001. Had Mr. Lyford presented the proper Service Alert, then the remaining NTSB investigating team would have known to look for potential erroneous attitude information displays on aircraft N400WX. This misrepresentation comes to light when one looks at the e-mail that was incorporated into the NTSB report from a fellow NTSB investigation team member, Don Gibson. He clearly relied on Mr. Lyford's misrepresentation that 400WX's PFD was not identified as a problem PFD. *Id.* at page 38.

## **ADDITIONAL INFORMATION**

The Court was very astute to point out the phenomena in which a vehicle can potentially turn or rotate in the direction in which the operator looks based on the fact that their hands are on either a steering wheel or yoke. By way of example, the Court pointed out that if the pilot was looking left, he could have turned left. Again, Plaintiff points out that all visual cues prior to a missed approach are out in front of the pilot and not to the left. However, that being said, this aircraft does not have a traditional yoke. What this pilot does have, as is seen by Exhibit G, is what is known as a side stick controller. The stick controller located outside of his left leg allows him to manipulate the flight controls. As pointed out in Mr. Griscom's Affidavit, when one looks left, it is more likely that he would pull the controller to him than push the stick to the left.

During oral argument, the Court requested a clearer picture of the trees where impact occurred. For this reason, Plaintiff is including Exhibit H, which shows a picture from the NTSB investigation team showing the path of trees that the aircraft took through the trees. Of important note, as Mr. Griscom and Bloomfield have both pointed out, [which strongly leads toward erroneous attitude information on this particular case] is the fact that that line through the trees is 70 degrees off the runway heading, which is an aggressive departure from the attitude that would be expected by a pilot flying an instrument approach.

**CONCLUSION**

In summary, Plaintiff has only pointed out a few of the misrepresentations by Avidyne regarding this mishap. Mr. Bloomfield's identification of the defect in this particular aircraft clearly shows that a loose internal connector to the PFD, an internal connector that was identified by Avidyne as potentially producing erroneous attitude information, did in fact cause this aircraft to change it's heading by 70 degrees and crash into the trees on the night of February 22, 2006. Because Plaintiff believes that she has met her burden in showing this product was defective and that the device likely caused the accident combined with the fact that defense counsel misrepresented facts to this Court, Plaintiff respectfully requests that this Court reconsider the dismissal of her case WITH PREJUDICE.

FURTHER, Plaintiff respectfully requests that the Court allow oral argument on this matter.

Respectfully submitted,

ELIZABETH F. JACOBY,

By Counsel

      /s/ Pete Miller      
Peter A. Miller (VSB #47822)
Michael J. Miller (VSB # 19171)
David Dickens (VSB #72891)
**THE MILLER FIRM LLC**
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax:  (540) 672-3055
pmiller@doctoratlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 25, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Henry I. Willett III, Esquire<br>
Christian & Barton LLP<br>
909 East Main Street, Suite 1200<br>
Richmond, VA 23219

*Counsel for Defendant*

             /s/ Pete Miller
Peter A. Miller (VSB #47822)
Michael J. Miller (VSB # 19171)
David Dickens (VSB #72891)
**THE MILLER FIRM LLC**
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax:  (540) 672-3055
pmiller@doctoratlaw.com

*Counsel for Plaintiff*